ELECTRIC GAS-LIGHTING CO. *v.* BOSTON ELECTRIC CO.

*(Circuit Court, D. Massachusetts. December 24, 1886.)*

1. PATENTS FOR INVENTIONS— REISSUE No. 9,743—ELECTRICAL APPARATUS FOR LIGHTING STREET LAMPS.
   Claims 2 and 5 of reissued patent No. 9,743, granted to Jacob P. Tirrell, assignee, dated January 7, 1881, for electrical apparatus for lighting street lamps, *held* void, because broader than those of the original patent. *Electric Gas-lighting Co.* v. *Tillotson,* 21 Fed. Rep. 568, and *Same* v. *Smith & Rhodes Electric Co.,* 23 Fed. Rep. 195, followed.

2. SAME—INFRINGEMENT.
   In a suit for infringement of the above patent the plaintiff claimed: "In an apparatus for lighting gas by electricity, in combination with a circuit-breaker located at the gas burner, a lever adapted and arranged to open and close the stop-cock or valve of the burner, and carrying the circuit-breaker." In defendant's apparatus two armatures operate to open and close the gas valve, but there is no separate lever to open and close the valve and carrying the circuit breaker. *Held,* no infringement; the construction and mode of operation of the two devices being entirely different.

In Equity.
*E. P. Payson,* for complainant.
*J. E. Abbott,* for defendant.

COLT, J. This suit is brought on the Tirrell reissue patent, dated June, 7, 1881, and numbered 9,743. In *Electric Gas-lighting Co.* v. *Tillotson,* 21 Fed. Rep. 568, and in *Electric Gas-lighting Co.* v. *Smith & Rhodes Electric*

*Co.*, 23 Fed. Rep. 195, Judge WHEELER held the second and fifth claims of the reissue to be void, on the ground that these claims were broader than those of the original patent. I have carefully considered these opinions, and concur in the views therein expressed. The new evidence brought forward by complainant in this case does not tend to overthrow the conclusions of Judge WHEELER, because it is apparent, upon a comparison of the original patent with the reissue, that these claims are void under the authority of *Miller* v. *Brass Co.*, 104 U. S. 350, and subsequent cases.

The only remaining question is whether defendant infringes claim 4 of the reissue, which is in substance the same as claim 2 of the original. The claim is as follows:

"In an apparatus for lighting gas by electricity, in combination with a circuit-breaker located at the gas-burner, a lever adapted and arranged to open and close the stop-cock or valve of the burner, and carrying the circuit-breaker, substantially as herein described."

In defendant's apparatus, which is made after the Crockett patent, bearing date July 17, 1883, the two armatures operate to open and close the gas-valve, but there is found no separate lever to open and close the valve and carrying the circuit-breaker such as is described in the Tirrell patent. The defendant's device is so different in construction and mode of operation from that described in the fourth claim that it is clear there is no infringement. The bill must be dismissed, with costs.